In re BURKLE.

(District Court, D. Connecticut.   May 28, 1902.)

No. 823.

1. BANKRUPTCY—PROPERTY OBTAINED UNDER CONTRACT OF CONDITIONAL SALE
—RIGHT OF SELLER TO RECLAIM.

Among the property which came into the hands of a trustee in bankruptcy was a cash register, which came into the bankrupt's possession through a contract of purchase made by her husband which reserved title in the seller until payment was made. Such contract was signed and acknowledged by the husband in the bankrupt's name, the agent of the seller supposing it to be his own. Only part payment on the contract had been made on the contract at the time of the bankruptcy. *Held*, that the seller was entitled to reclaim the property.

In Bankruptcy.   On certificate by referee of question concerning application of the National Cash Register Company for possession.

The certificate of the referee was as follows:

"I, Henry G. Newton, one of the referees of said court in bankruptcy, do hereby certify that in the course of the proceedings before me the following question arose pertinent to the said proceedings: The trustee found among the assets of the bankrupt a cash register. The National Cash Register Company, by their attorney, James E. O'Connor, filed an application for delivery of the cash register to them. Upon the hearing the National Cash Register Company presented an application, with acknowledgment, which is hereto annexed. It was proved that said application and notes were in fact signed by Frederick Burkle, husband of the bankrupt. The said Frederick Burkle had been accustomed to do business in her name, signing her name without any intimation that said name was not his own name, or that said name was in fact signed by him as her attorney. The arrangements on the part of the National Cash Register Company were made by John Semon, their agent in New Haven. John Semon supposed that Frederick Burkle was L. C. Burkle, and that when he signed and acknowledged said application he was in fact signing his own name, and said Frederick Burkle did not inform him otherwise. Seventy-five dollars was paid by said L. C. Burkle on account of said register, and no more. Upon the foregoing facts it was ordered that said petition be granted, unless the trustee would pay to said the National Cash Register Company the balance due on the cash register. In making this order I was of the opinion and held that possession of said cash register was obtained by said L. C. Burkle either by fraud of her agent or by the mutual mistake of both parties; that the document upon the faith of which said cash register was delivered was not what it appeared to be and was supposed to be by the petitioner; and that no right to the possession of said cash register passed to said L. C. Burkle or said Frederick Burkle. The Connecticut statute requiring that the agreement be acknowledged does not state whether it may be signed by one of the parties or must be signed by both, or by whom it is to be acknowledged. It seems to me, and I have assumed in the above ruling, that it may be signed and acknowledged by the party receiving the property alone, and still be valid under the statute; and the question is hereby certified to the judge of the court for his opinion thereon."

PLATT, District Judge.   Upon the facts certified to me by the referee, I am of the opinion that the petition of the National Cash Register Company ought to be granted.

¶ 1. See Bankruptcy, vol. 6, Cent. Dig. § 199.